Just wait for your adversaries to step up. Hi. Good morning. Good morning, Your Honors. Carlton Smith for the appellant Nancy Rubel. And I'd like to request four minutes for rebuttal. Excellent. Go ahead, sir. Okay. I'd like to begin with the issue of whether the 6015E period is jurisdictional. The definition of jurisdiction took a very different turn in 2004 in the Contra Cri Brian case where the Supreme Court said it should not cover claims processing rules, it should only cover personal jurisdiction or subject matter jurisdiction. But the Supreme Court has subsequently created exceptions to that standard. And I'd like to go through the exceptions. I'd like to start first with the exception for a clear statement in the statute that the time period is jurisdictional because the Supreme Court said the Congress can always overrule what we think is jurisdictional. But how do you get around the language in this statute where the parenthetical begins and the tax court shall have jurisdiction close parent? Well, first let me go to the Auburn case which had a statute that if this parenthetical were not in it, the statute in Auburn didn't have a jurisdictional parenthetical. But otherwise the statute in Auburn is identical to this statute. So... It's hard to look past the parenthetical. Okay. No, no, no. I'm not saying the court should look past the parenthetical. Sorry. But there are a couple of things about that parenthetical. First, why is it in parentheses and why is it where it is in the sentence? It is not right before the words if the petition is filed on time. If you had moved those words in the parenthetical, I would not argue this case. The statute now reads, the individual may petition the tax court and the tax court shall have jurisdiction to determine the appropriate relief available to the individual under this section if the time period is filed. To me, we have to say, is Congress being clear here? It's not whether the court could interpret the statute this way. The question is, is it clear that the statute has to be interpreted this way? And to me, the if at the end is just simply a statute of limitations tacked on to the end of the sentence. The jurisdictional reference, the parenthetical, to me, was Congress adding in something that it didn't have to add in, but it thought it might be helpful to clarify matters. The reason I say it didn't have to add it in is there isn't any other jurisdictional grant anywhere else in the United States Code for this kind of hearing. So once they say that the person may petition the tax court, of course the tax court has jurisdiction. And that's what the Auburn case involved. In Auburn, there was a statute that said a person may get a hearing if certain events happen and there's more than $10,000 involved. And one of the conditions at the end was they filed timely. But that was an implicit grant of jurisdiction. There isn't any other provision in the U.S. Code about these Medicare hearings authorizing them to exist. Aren't you just arguing that in Auburn, Congress didn't see fit to include a jurisdictional provision because it was implicit? Here they did see fit to include it, and are we to ignore their inclusion? Is it of no significance that they chose to include it? It's not of no significance because this is kind of saying to just a reminder that the tax court has jurisdiction. It's kind of like good drafting. But I don't see that when they put it there, in the sense they put it there before the jurisdiction to do what? To determine the relief available to the individual under this section. Normally when Congress uses the word jurisdiction, it means jurisdiction, doesn't it? Yes. It's one of those sacred words. Right. And I would agree that this sentence is jurisdictional. Okay? But I don't agree that the tail end of the sentence, the time period, is jurisdictional. I don't think that's clear. It's clear to me that Congress definitely wants the person having the ability to file and get a determination from the tax court, that is jurisdictional. But the time period tacked on the end, I don't see that it is, and I think Auburn really basically says the same thing because in Auburn, the Supreme Court didn't deny that the earlier part of the sentence was jurisdictional and there were other conditions in it. So your argument would be that it would be a clear statement if the time portion of the phrase was moved forward in the sentence, but because it's at the end of the sentence, it's not a clear statement? Yes. An easier way to, the reason they put the time period at the end is because it's so complicated. It's just impossible to put that all in the middle of the sentence. But that argument would undermine your position, right? Well, no, but what I'm saying is that if you wanted a clear statement, why didn't it say the person may petition the tax court to determine the relief available under this section and not have a parent, just say, and the tax court shall have jurisdiction if the time period is met. Well, that's how 6330 is essentially structured. It's got the time period first. The person may, within 30 days of a determination, petition the tax court for review, open parent, and the tax court shall have jurisdiction closed parent. Yes. So it goes along to what Judge Greenberg was just saying. Are you asking us to say the placement of the time period should influence whether it's jurisdictional? Yes. And that's how you're distinguishing presumably the 6330 cases where they all found that time frame is jurisdictional? I think the 6330 cases are wrong. Okay. Completely wrong. Okay. I think the, and the tax court shall have jurisdiction with respect to such matter. It's the subject matter, not the time. I see. So that is your distinction. But the presence of this and the tax court shall have jurisdiction in parentheses is not unique to 6015. It also exists in 6330. And in those cases, the court found that to be a jurisdictional time frame. Which court? The circuit and the Seventh Circuit. Both found this to be jurisdictional. Okay. The Circuit Courts of Appeals cited no Supreme Court authority beginning with Contract 1. I understand. They seem to be totally oblivious that jurisdiction doesn't usually include time period. Yes. They're in line with the point. It doesn't usually unless Congress says so. And going back to what Judge Samantha was saying, how can we ignore the presence of the word jurisdiction here? I'm not asking the court to ignore jurisdiction. I'm just saying that that word and the tax court shall have jurisdiction relates probably to just the portion of the sentence. It says jurisdiction to do what? To determine the appropriate relief available to the taxpayer. Well, you would agree that Auberg gives us some instruction, and it gives us instruction to look at the words and structure of the statute, correct? Okay. And if we look at the words and structure of 6015E1, there are at least two circuit courts who have said the existence of a notice of deficiency is a jurisdictional prerequisite of the Eighth and the Ninth Circuits. And then, so we're at the very first line of the statute. Words have been interpreted by our sister circuit saying that's a jurisdictional prerequisite. Then in E1a, we again have the court saying, and the courts shall have jurisdiction, and it sets forth the time frames. And then later in the statute, at E13, it says there are limitations on the tax court's jurisdiction. So if we apply the Auberg analysis, doesn't that necessarily require us to look at Section E as a jurisdictional statute, and that is the conditions set forth in there are the prerequisites to jurisdiction? Well, I don't think you're bound. The sister circuits you're referring to are interpreting the collection due process cases. That issue of what those circuits didn't pay any attention to contrary to Ryan or the subsequent cases in the Supreme Court. Now, you're arguing, well, maybe they really should be taken as pressed for you to follow because they're well-reasoned. I don't think they're well-reasoned. And double-based on the Ninth Circuit, I and the Harvard PACS Clinic are amicus trying to get the Ninth Circuit to say the 6330 time period isn't jurisdictional. And this will be the first case where a court of appeals has actually been faced with the discussion of the case law that says generally time periods aren't jurisdictional. So I really would be relying on cases that may be called into question by another circuit. Let me ask you a question about equitable estoppel. What's the affirmative misconduct on the part of the government here? Well, okay, first, there's a misstatement as to when the 98 period runs. There's a sentence that follows it that says, however, if you wish to continue working with us on this, we'd be happy to do so. Here's what I don't understand. There's no question about when the time period began. The only question is whether there's some misinformation about when the time period ends. Why shouldn't we say, you know, it's up to the petitioner to figure out what 90 days or, you know, when the 90-day period ends. I mean, there's no – and tell me if I'm wrong. As I understand it, there's no question about what the starting period or the initial date is. Why isn't it just on you? Because I always look back to Bowles v. Russell and say, you know, if the district court tells you that you have until the 17th and you file on the 15th and you really only had until the 14th and Justice Thomas says, sorry, but it's jurisdictional, I don't understand how this amounts to something that we should do something entirely different. The person – the Frederick's opinion of this circuit lays out four conditions of equitable estoppel that must be proved if there's a private defendant and another four conditions that are relevant to a – if you're trying to estoppel the government. One of the conditions in the private person is the person claiming the benefit of estoppel must be ignorant of the true facts. Ms. Rubel is a pro-state taxpayer. She didn't have a lawyer. She was working with an accountant. The accountant said not admitted to practice in the tax court. When you – if you as a private citizen doesn't know much, get a letter from the government saying you have 90 days and this is the date the 90th day runs. And remember, there were two letters here, too, actually. The letter – there was a January 4 letter and a January 13 letter. And you get both letters telling you. Both letters are consistent as to when the period began. Well, the period begins when the letter is sent. And Ms. Rubel knew the period that begins when the letter is sent. But the March 3 letter said you have – this is not – just because we reconsidered things here doesn't mean that you have an additional 90 days. The 90 days run from April 4, which is actually the date of only three of the four letters. That affirmative misconduct, it sounds like negligence. And how are we to square that with false? Well, first off, Your Honor, you don't have to decide the equitable estoppel question here. You can remand. Because one of the things that I will tell you if you did remand and say I don't think this is equitable estoppel enough yet, I would show that the IRS continued to deal with Ms. Rubel and her accountant all the way up until April 19th. On April 18th, Ms. Rubel got another doctor's letter. On April 19th, her accountant tried to call the IRS person, the person's supervisor. Got no answer. The accountant then sent a fax that here's our – So the IRS here encouraged the taxpayer to keep going. In fact, the letter that has the date that's incorrect says this does not stop us from continuing to have a conversation with you and trying to work this out. So that behavior representing it's not pleading in front of us is not inconsistent with what the letter is. Your problem is the letter had the wrong date. Correct? Yeah, but also that it encouraged her to continue speaking to them all the way through the 19th. Now, that's on the record here. If this court were simply to say, look, you agree with me that the time period is not jurisdictional, I would ask that the court at least say that it is subject to equitable estoppel and let the court blow here whatever happened. And this case got short-circuited. We filed a petition, and before the IRS filed an answer, it moved to dismiss for lack of jurisdiction. If I'm right and it's not a jurisdictional question, but it is only a question of a statute of limitations, then the government should have filed an answer in which it pled the statute of limitations and I can file a reply in the tax court in which I'm required to plead any equitable defenses. And then I would do discovery because I want to know what the government's records are of what it told the taxpayer after March 3 and how many conversations it had. Government people take notes of what they say. Right, but that assumes that the tax court has the power to entertain your claim. That's correct. We understand that. If you say that the time period is jurisdictional, I lose. But if you say the time period is not jurisdictional. You've got planned in the tax court is what you're telling us. Right. Because I don't want this court to think that that's the only evidence I have. I mean, I'm telling you about a fax. I have the fax. I'll bring that into the tax court. I'll have the taxpayer testify. I'll have the accountant testify. I'll call the Ms. Coleman, the IRS person. Well, did the taxpayer have the opportunity to make that record before the tax court? No. Well, subject matter jurisdiction was dependent upon the conduct of the parties, wasn't it? It was dependent upon the timing of what happened when. And could you not have said, Your Honors, before you decide that question, there's additional information that bears upon it? I mean, we can't reopen a record that is beyond what it says. But there's no opportunity to create a record. We said in the tax court in response to the motion to dismiss, hey, wait a second. There should be a stop here. And the court said, no, there's no stop here. I don't have to get to that because I can't because this is jurisdictional. Okay. All right. Thank you. Thank you. Good morning, Your Honors. I'm Richard Calderone on behalf of the Commissioner of Internal Revenue. And may it please the court. The plain text of Section 6015E1A of the Internal Revenue Code says the tax court shall have jurisdiction to determine the appropriate relief available to the individual under this section if a petition for innocent status relief is filed in a specified 90-day period. That language directly ties the tax court's jurisdiction to the timeliness of the petition. In fact, that language expressly conditions the tax court's jurisdiction on the timely filing of a petition. And by drawing that direct link between timeliness and jurisdiction, Congress made the time limit in Section 6015E1A jurisdictional. How do you get around the language in ARBOG? And I know it's only one sentence, but it says something to the effect of time prescriptions, however emphatic, are not properly typed jurisdictional. Is the distinction because the ARBOG court wasn't looking at a statute that had the words jurisdiction in it? Yes, Your Honor. The ARBOG court actually was not even looking at a time period. It was looking at the numerosity requirement in the context of Title VII suits, which is not a jurisdictional prerequisite, and it's actually found in the definition section of the statute. And the Supreme Court has said repeatedly, including in cases in which it found that the time period before it is not jurisdictional, that time periods can be jurisdictional in certain situations if Congress gives some clear indication of jurisdictional status, including by providing a clear statement that the time period is jurisdictional in the text of the statute. And that's what we have here in Section 6015 E1A. Is this an unusual statute because it's sort of within the same subsection, E1A, sort of embeds claims processing dates and jurisdictional dates because it tells the taxpayer what they need to do and it tells what reading of the statute could be and it tells the tax court what needs to occur for it to exercise authority. Does that make this unusual or is that just a typical time frame that's jurisdictional? Your Honor, I don't know how unusual it is. I know given Section 6330 D in particular and the language that the Fifth Circuit interpreted in Section 6226 F, it's not unheard of in the context of the Internal Revenue Code for Congress to include a time limit and make that time limit jurisdictional in the same section. But these, and I'm not sure whether there are statutes outside the Internal Revenue Code that have similar language, but the time periods for petitioning the tax court are unusual in a related way and that is unlike garden variety statutes of limitations, they serve a dual purpose. They, of course, tell the taxpayer the last date on which the taxpayer can file a petition in the tax court. But the periods, for instance, in 6015 E and 6330 D also tell the IRS the last day, excuse me, the first day on which it can undertake collection actions with respect to the liability that would be at issue at any tax court case. And because Congress made these time limits jurisdictional, the IRS knows those dates with certainty and the IRS doesn't have to inquire into the individual circumstances of each taxpayer to determine whether it can go ahead and start collection actions or whether the taxpayer has a basis for equitable polling such that if the taxpayer were to file a late petition to the tax court, the taxpayer could say this petition should be deemed timely under equitable relief and, by the way, the ongoing collection action that the IRS is undertaking should be enjoined. In 6015, that would be under section 6015 E1B. And the conclusion here that the plain text of the statute is sufficient to render this time limit jurisdictional is confirmed by cases in which courts have interpreted statutes that contain a similar link between jurisdiction on one hand and timeliness on the other. This court's Undonk opinion in the Schendonk case is a good example. There, the court held that a time limit was jurisdictional because the statute said that the claimant may obtain a hearing by filing within a certain period and then later said that upon such filing, the court shall have jurisdiction. Now, there, there's even more space between the time limit and the conditional language, and yet this court said this was a clear statement that the time limit issue was jurisdictional. So what we have here is there's no data communication from the IRS that tells the taxpayer to file by a particular date, and we all know that date is beyond the 90 days committed by the statute. How do we ensure that those sorts of errors don't keep happening? Because if it's shielded by Congress's grant of jurisdiction under limited circumstances because the tax court's a limited court of limited authority, it never gets corrected. So this could go on and on and on, and what mechanism is there to ensure that the IRS is giving accurate information to the taxpayers? If we're not, if the court can't look at it and make sure it happens correctly and stands as a check in some way? Well, Your Honor, Congress could add language to 6015E1 analogous to the language it added at the same time it enacted section 6015E1 to section 6213A, which is language requiring the IRS to tell the taxpayer the last day on which a petition must be filed, and then in addition stating that any petition filed by the deadline communicated by the IRS shall be deemed timely. So in that situation, Congress can remedy this problem. Well, why isn't this affirmative misconduct? Your Honor, it's not affirmative misconduct because negligent representations do not rise to the level of affirmative misconduct, and what occurred here is that the IRS sent Ms. Rubel four statutory notices of determination, communications it's required to send. Each of those statutory notices of determination told her the date on which the period began to run, and Mr. Smith conceded here today that she knew that date. They also told her the length of the period, that it was only for 90 days, and that the IRS itself had no power to extend that period. Its March 3rd letter to her, which we concede contained an erroneous statement, stated the wrong deadline for filing a petition in the tax court. Likewise said that it did not extend the period for petitioning the tax court and correctly said that the period started to run on the dates on the statutory notices of determination. So this was, from all the evidence in the record here, nothing more than an innocent mistake made by the IRS. So even were all four letters with the same incorrect information as the March 3rd, would that amount to affirmative misconduct? Your Honor, that would certainly be a closer question, and at this point, you know, if that were the only information on the record, it would be difficult to tell. There might well simply have been a computer glitch, if that were the case, that generated incorrect information on all four letters. The only case I'm aware of in which- I'm trying to figure out where the line would ever be drawn, right? And say, hey, we made a mistake, sorry about that. Well, Your Honor, I can say that the facts of the Fredericks case are on the other side of the line. So it's somewhere between us and Fredericks, and Fredericks was a case in which the IRS sent a taxpayer an unlimited extension of the statute of limitations for assessing tax. Taxpayers signed it and returned it. The IRS then sent, in succession, three or four definite extensions of the period. The taxpayer asked why, the IRS said. We lost the unlimited extension of time. Those definite extensions of time expired. The IRS sat silent for eight years, and then it sought to asset tax against the taxpayer on the basis of the indefinite extension of time that it had told the taxpayer had been lost. That conduct is on the other side of the line, but here we're not even close to the line, Your Honor. This is simply an innocent mistake in a subsequent letter following statutory notices that were required to be sent. Your Honor, as our brief discusses, there is other support for the conclusion that the statute is jurisdictional. I don't want to go through all of those today. I just want to note that the Seventh Circuit's recent opinion in the Tilton case, about which we filed a 28-J letter with the court, interprets language in Section 6213A that's analogous to the language in 6015E1B. That language gives the tax court the authority to enjoin premature collection actions related to ongoing innocent spouse cases, but it makes clear that the tax court shall not have jurisdiction to issue those injunctions unless a timely petition is filed. And the Seventh Circuit's opinion in the Tilton case indicates that this language standing alone would be sufficient to render the 90-day time limit jurisdictional. But in the context of Section 6015, that language is not stand-alone. Rather, Congress enacted that language alongside the language of 6015E1A that directly conditions jurisdiction on timely filing. Can you just run through how it does it? Are you only relying on the language in the parenthetical, or are you relying on the things I spoke to your adversary about, like later in the statute it talks about limitations on the tax court's jurisdiction by virtue of filings and other courts? Are you also relying on the language that you have to have a notice of deficiency to trigger tax court jurisdiction? Are you not relying on those? Your Honor, we believe that the language of 6015E1A is sufficient to affirm the tax court's order of dismissal. We believe that a variety of other things in the statute, including Section E1B and the alternate six-month period before which petitions cannot be filed under Section 6015, and the prefatory language of 6015 describing who can file petitions and the cases interpreting that language as jurisdictional, all support the theory that this 90-day period is a jurisdictional bar. We also believe that the cases you spoke about, interpreting Section 6330D and Section 6213A, support the conclusion that this 90-day time period is a jurisdictional bar. If we agree with that point, that this is a jurisdictional statement and that the plaintiff is out of time, is the record complete in order to determine whether equitable estoppel applies here, or should the matter be remanded for that determination? If you conclude that this is a jurisdictional bar, Your Honor, the record is complete, because when there's a jurisdictional bar, equitable relief is not available. Even if there were a claim of affirmative governmental misconduct? Yes, Your Honor, that's correct. Under the Supreme Court's decisions in Auburn Regional and Long, if a time limit is jurisdictional, there is no equitable relief available to the plaintiff. Thank you very much. Judge Schwartz, I want to answer a question that the government lawyer could not or did not. There are four time periods in the Internal Revenue Code that were drafted between 1996 and 2006 that include what I consider a side comment that the tax court has jurisdiction. And remember, these statutes are generally drafted by the same people in the Joint Committee of Taxation. So I think this is just a drafting convention, which Wong said, you shouldn't pay a lot of attention to something that's just a drafting convention. The time periods are 6404H, that's for interest abatement, that's a 1996 statute, collection due process 6330D, which also came into this statute, though it was added to the statute in the Senate, so it was actually drafted a year later, 6015E, which we have here, and 7623B4, 7623B4, which is the tax court's ability to review turn downs of whistleblower requests. And you'll see the language in 7623B4, which was enacted in 2006, is really identical to the collection due process in that it has a parenthetical at the end. So if this court were to say that the parenthetical applies, you're covering now four of the tax court's jurisdictions. And if you believe Tilden is correct, which I don't, that covers most of the cases filed in the tax court. Wong said that it noted the rarity of jurisdiction time periods, and it said Congress has to do something special beyond just tagging an exception-free statute of limitations. I'm sorry, it has to do something special to tag an exception-free statute of limitations as jurisdictional and not able to be told. But in our court, in Beck and Dickinson, and in the Supreme Court's case in Brockamp, they talk about sort of the importance of, I guess, certainty in the tax laws, because the consequence of sort of these individualized considerations of whether someone's timely or not could ultimately interfere with the collection of the tax revenues and then interfere with the government fisc and all of that. So doesn't this make this, even under the Supreme Court precedent, a little bit different than the Wong case? Are you familiar with Brockamp? Yes, I am quite familiar. My answer would be, now I'm going to get a little lost on the question. This is an equitable area that Congress stuck into the law. Normally taxes aren't equitable. This one, 6015E, is equitable to get relief under 6015F, which is the relief that she's seeking because she has an underpayment of tax, not an understatement. She's only requesting under 6015F. She has to prove that it's inequitable. She has ten years to ask for this relief after the taxes were assessed, and she can ask at any time of the ten years for relief. And if she gets relieved, that doesn't mean the government doesn't get paid its money. The government still can go after the husband. I don't know why the government hasn't gone after the husband in this case. He's working. He's paying her alimony. He's paying child support. He's putting two of his youngest children through college. So first off, the government could go after him. It's his taxes. They don't relate to her. And so I don't see why, in an equitable area, Congress would have wanted the time period to be, can't have equitable exceptions. I understand your point. One last thing. You say, where's primitive misconduct in Frederick's? I would like to point to court. Frederick's is not the most on-point case to me. In Frederick's, the court said, pointed at one paragraph, to 12 circuit court opinions in a row that held the IRS is a stop. I would request this court to look at those 12 opinions, and you'll see that you could argue that the government was negligent in those cases, not intentional. In fact, the most on-point case is probably the Miller case in the Second Circuit, which is an opinion where the IRS, that's a tax refund suit. The IRS did the taxpayer's refund claim and said, we're going to deny it, and they sent some papers to the taxpayer. And one thing was a waiver of the statute of formal notification of claim disallowance. The taxpayer signed that. Under the statute, that starts a two-year period to bring a refund lawsuit. But the taxpayer then said, I'd like to go to an administrative appeals conference within the IRS. And the taxpayer did. And appeals, at the end, accidentally sent a notification of claim disallowance, which it shouldn't have done. The Second Circuit said the government is a stop to argue the first two-year time period, not the second. And I think we really have to be very careful to say that the government just can slip up once and get away with it. It has to slip up multiple times. But all those arguments would go to the tax court if we were to conclude there's jurisdiction. We wouldn't be weighing in on that subject. No, unless this court thought it was just so obvious from the March 3 letter that there should be a stop over here, that the court kind of saved me a remand for purposes of judicial, conserving judicial resources. All right. Thanks so much. Thank you, counsel. We're adjourned.